U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

SEP 2 1 2011

CHRIS R. JOHNSON, Clerk
By
      Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF ARKANSAS
# HOT SPRINGS DIVISION

| | |
|---|---|
| TODD TUCKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROSENTHAL STEIN & ASSOCIATES, LLC, | )  11-6074 |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, TODD TUCKER, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, ROSENTHAL STEIN & ASSOCIATES, LLC, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. TODD TUCKER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Hot Springs, County of Garland, State of Arkansas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly incurred by Plaintiff for his personal use and/or for household expenditure.

1

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. ROSENTHAL STEIN & ASSOCIATES, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant is registered as a Limited Liability Company in the State of Georgia.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

13. In June 2011, Defendant initiated a telephone call to Plaintiff and left Plaintiff a voicemail message.

14. The aforesaid voicemail message was Defendant's initial communication with Plaintiff.

15.     During the course of the aforesaid voicemail message, Defendant's duly authorized representative identified himself as an "Agent."

16.     Defendant's duly authorized representative then informed Plaintiff that he was calling from "Rosenthal, Stein and Associates."

17.     At no time during the course of the aforesaid voicemail message did Defendant advise Plaintiff that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

18.     During the course of the aforesaid voicemail message, Defendant's duly authorized representative stated "[a] claim has been filed in my office for final proceedings today."

19.     Defendant then stated "[w]e need a formal statement from you today by 4:00 p.m."

20.     Defendant further informed Plaintiff "[i]n order to guarantee your protection and release you from this matter, immediate action is required."

21.     Defendant then provided Plaintiff with a putative case number.

22.     Defendant then provided Plaintiff with a telephone number at which it could reach Defendant.

23.     Defendant's representation that its duly authorized representative was an "Agent," in conjunction with Defendant's failure to apprise Plaintiff that it was a debt collector and Defendant's representation to Plaintiff that it needed a formal statement from Plaintiff had the effect of conveying to an unsophisticated consumer that Defendant was affiliated with and/or an agent of a police and/or governmental body.

24. Defendant's statement that is representative was an "Agent" was false, deceptive and/or misleading given that, upon information and belief, Defendant's duly authorized representative was not an "Agent" licensed with any police or governmental body.

25. Defendant's statements made to Plaintiff during the course of the aforesaid voicemail message that a claim had been filed and that Plaintiff had to provide a formal statement had the effect of conveying to an unsophisticated consumer that a lawsuit or criminal matter had been filed against Plaintiff.

26. Defendant's statements made to Plaintiff during the course of the aforesaid voicemail message that Plaintiff's immediate action was required to ensure his protection and release further had the effect of conveying to an unsophisticated consumer that a lawsuit or criminal matter had been filed against Plaintiff.

27. Defendant's representation that a lawsuit or criminal matter had been filed against Plaintiff was false, deceptive and/or misleading given that at the time Defendant made the aforementioned representation no lawsuit or criminal matter had been filed against Plaintiff with respect to the debt he allegedly owed.

28. Defendant's representation that a lawsuit or criminal matter had been filed against Plaintiff misrepresented the character, status and/or legal nature of the debt on which it was attempting to collect given that at the time Defendant made the aforesaid representation no lawsuit or criminal matter had been against Plaintiff relative to the debt he allegedly owed.

29. Plaintiff has not engaged in criminal conduct with respect to the debt on which it was attempting to collect.

30. Defendant's representation that Plaintiff had engaged in criminal conduct was false, deceptive and/or misleading given that Plaintiff had not engaged in the aforesaid conduct relative to the debt on which it was attempting to collect.

31. Defendant's representations that Plaintiff had engaged in criminal conduct were statements made by Defendant to Plaintiff in an attempt to disgrace Plaintiff.

32. Defendant has not filed a lawsuit against Plaintiff for the debt he allegedly owes.

33. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt he allegedly owes.

34. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

35. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

36. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

37. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely representing or implying that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof in violation of 15 U.S.C. §1692e(1);

    c. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    d. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    e. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

    f. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    g. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

    h. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    i. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

    j. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

38. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.  JURY DEMAND

39. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TODD TUCKER, by and through his attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

6

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,<br>
**TODD TUCKER**<br>
<br>
By: _____<br>
David M. Marco<br>
Attorney for Plaintiff

Dated: August 22, 2011

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:     dmarco@smithlaw.us